IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Action No. 14-00322-02-CR-W-DGK |
| MATHEW ROBERT WALTERS, | ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On May 16, 2016, I held a change-of-plea hearing after this case was referred to me by Chief United States District Court Judge Greg Kays. I find that Defendant's plea is voluntary and therefore recommend that it be accepted.

*I.  BACKGROUND*

On November 18, 2014, Defendant was indicted with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of criminal forfeiture pursuant to 21 U.S.C. § 853. A change-of-plea hearing was held on May 16, 2016. Defendant was present, represented by retained counsel Stephen Patton. The government was represented by Assistant United States Attorney Bruce Rhoades. The proceeding was recorded and a transcript of the hearing was filed on May 17, 2016 (Doc. No. 90).

*II.  AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides

that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented.  See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at

633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III.  FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On November 18, 2014, Defendant was indicted with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of criminal forfeiture pursuant to 21 U.S.C. § 853. Defendant indicated that he understood the nature of the charges (Tr. at 4).

3. The statutory penalty for conspiracy to distribute methamphetamine is not less than ten years and up to life imprisonment, a fine of not more than $10 million, a supervised release term of not less than five years, and a $100 mandatory special assessment fee (Tr. at 5). The statutory penalty for being a felon in possession of ammunition is not more than ten years imprisonment, not more than a $250,000 fine, a supervised release term of not more than three years, and a $100 mandatory special assessment fee (Tr. at 5). The forfeiture allegation

involves $636,000 (Tr. at 5). Defendant was informed of the penalty ranges and indicated that he understood (Tr. at 5).

    4.    Defendant was advised of the following:

    a.    That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6);

    b.    That he has the right to assistance of counsel throughout the trial (Tr. at 6);

    c.    That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 6-7);

    d.    That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 7);

    e.    That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 7);

    f.    That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 8); and

    g.    That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8).

    5.    Government counsel stated that if this case were to be tried, the United States would call a number of witnesses – both law enforcement and lay witnesses – to testify about Defendant obtaining and distributing 500 grams or more of methamphetamine in the Western District of Missouri (Tr. at 10, 11, 12). Additionally, Defendant was found to be in possession

4

Case 4:14-cr-00322-DGK   Document 94   Filed 05/18/16   Page 4 of 7

of 17 rounds of .40-caliber ammunition (Tr. at 10-11). The ammunition had not been manufactured in Missouri, so it impacted interstate commerce (Tr. at 11). Defendant is a convicted felon and, therefore, prohibited from possessing ammunition (Tr. at 11).

6. Defendant was placed under oath (Tr. at 13). Defendant stated that between January 1, 2010 and November 19, 2014, he was within the Western District of Missouri (Tr. at 13). Defendant had an agreement with co-defendants Walters, Ackerman and/or Sheets to engage in the distribution of methamphetamine (Tr. at 13-14). During this period, they distributed in excess of 500 grams of methamphetamine (Tr. at 14). Defendant knew it was against the law, yet did so knowingly and willfully (Tr. at 14).

With regard to Count Two, Defendant stated that on December 23, 2012, he possessed 17 rounds of .40-caliber ammunition (Tr. at 14-15). Defendant had previously been convicted of a felony (Tr. at 14).

7. Defendant understood the terms of the plea agreement (Tr. at 15-19).

8. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 19).

9. Defendant was satisfied with Mr. Patton's performance (Tr. at 19-20). There is nothing Defendant asked Mr. Patton to do that Mr. Patton did not do (Tr. at 20). Likewise, there is nothing Mr. Patton has done that Defendant did not want him to do (Tr. at 20).

10. Defendant is 36 years old (Tr. at 20). He has a high school diploma and does not have any difficulty reading, writing or understanding English (Tr. at 20). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty (Tr. at 20-21). He was not under the influence of any kind of drug or alcohol (Tr. at 21).

5

11. Defendant tendered a plea of guilty to Counts One and Two of the Indictment (Tr. at 21-22).

## V. ELEMENTS OF THE CHARGED OFFENSE

To sustain a conviction for conspiracy to distribute methamphetamine, the government must prove that: (1) there was an agreement to distribute methamphetamine; (2) the defendant knew of the agreement; and (3) the defendant intentionally joined the conspiracy. See United States v. Savatdy, 452 F.3d 974, 977 (8th Cir. 2006).

To sustain a conviction for being a felon in possession of ammunition, the government must prove that: (1) the defendant was previously convicted of a crime punishable by imprisonment exceeding one year; (2) the defendant knowingly possessed ammunition; and (3) the ammunition had been in or had affected interstate commerce. United States v. Cook, 603 F.3d 434, 437 (8th Cir. 2010).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crimes charged.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offenses charged.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
May 18, 2016